# SUPERIOR COURT

Peter Vinacco
vs.　　　　　　 Eq.No.7124
Michael P. Riccitelli
et als.

RESCRIPT

June 5, 1925

BAKER, J. Heard on demurrer to the bill of complaint.

The principal grounds alleged in support of the demurrer are that the bill is multifarious by reason of combining different causes of action against different respondents, because the estate in question has been closed in the Probate Court, because it appears from the bill that the complainant is estopped by his own actions and has been guilty of laches, and, further, because no fraud or duress is alleged in the bill in relation to the signing of certain deeds, mortgages and releases, and, finally, because the matter of misrepresentation is not fully enough alleged.

The bill is brought by a son of one Speranza Vinacco, deceased, against her other children, their wives and husbands.

While the bill is long and rather complicated, it clearly has as its ultimate object only one end, namely, the proper division of the estate of said Speranza Vinacco. All the relief asked for and all the allegations are directed toward that one object. Whether or not on a hearing the court would grant the entire relief prayed for would, of course, depend on the evidence produced in support of the various allegations in the bill. It would then be determined as to how far the complainant had proved his case and the nature of the relief to which he was entitled. That matter is not now before the court.

It seems well settled that it rests largely in the discretion of the court whether or not to sustain a demurrer to a bill on the ground of multifariousness. This is an objection which is not much favored and is not as strictly enforced by the courts as formerly. The question is one largely of convenience, and if the various matters can be determined in one case with fairness to the respondents, and thereby prevent a multiplicity of suits, the court seldom rejects a bill on this ground. If the matter involved grows out of one transaction and the relief sought is along one line, or for one particular purpose, then the court usually will sustain the bill, because it is held that complete relief can be determined in the one suit.

21 C. J., pages 408, 416, 419, 420.

Andrew vs. Tuttle-Smith Co., 191 Mass. 461.

Arnold vs. Arnold, 9 R. I. 397.

Ball vs. Ball, 20 R. L. 520.

Brown vs. Tilley, 25 R. I. 579.

Perkins vs. Kirby, 39 R. I. 343.

An examination of the bill in question leads the court to believe that it meets the above requirements and that in the exercise of its discretion the

court should not sustain the demurrer for the reason, as claimed, that the bill is multifarious.

Further, in the opinion of the court, the fact that the bill alleges that the personal estate of the said Speranza Vinacco has been closed by the allowing of a final account in the Probate Court would not be a good ground for demurring to the bill.

24 C. J., p. 1034.

Gorman vs. McCabe, 25 R. I. 247.

It would seem clear that a Court of Equity has the inherent power, if circumstances warrant, to re-open an estate. The allegation in the bill is that the release signed by the complainant, and accepted by the Probate Court, was obtained from him by one holding a relation of trust and confidence and without consideration. Under these circumstances it does not seem to the court that this ground of the demurrer is tenable.

As far as the matter of estoppel and laches is concerned, it appears from the allegations in the bill that the complainant has been endeavoring to get the estate of his mother equitably partitioned and divided for a considerable period of time. · It would not seem that he had been sleeping on his rights. Taking into consideration the relationship of the parties and the other matters relating to the signing of papers as alleged in the bill, it does not seem to the court that the complainant has been guilty of laches or is estopped.

If it appears from the testimony that the respondents, or any of them, have changed their positions and expended money by reason of the complainant's acts, doubtless this matter can be taken care of when the case is heard and when the relief, if any, is granted.

In the opinion of the court the ground of demurrer alleging estoppel and laches is not sustained.

It is true that the bill alleges no actual fraud or duress by which the complainant signed the instruments referred to. However, the bill does allege that certain respondents were in a more or less fiduciary relationship to the complainant, and does allege certain facts which, possibly, on proof might show constructive fraud.

In the opinion of the court, taking all the allegations in the bill together, and also the allegation that the complainant is ignorant and unused to business affairs, it would seem that the matter of misrepresentation is sufficiently set forth and, therefore, that these grounds of demurrer are not good.

The demurrer to the bill is overruled.

For Complainant: Arthur L. Conaty and George F. Troy.

For Respondents: McGovern & Slattery.